UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREAT WESTERN CASUALTY
COMPANY, as subrogee of
FEBRUARY FOURTEEN, INC.,

        Case No. 1:06-CV-106

    Plaintiff,

v.        Hon. Richard Alan Enslen

CAREY TRANSPORTATION, INC.
INC.,

    Defendant,
and

CAREY TRANSPORTATION, INC.,

    Third-Party Plaintiff,

v.

FEBRUARY FOURTEEN, INC.,

    Third-Party Defendant.
_____/    **ORDER**

    This matter is before the Court on Plaintiff Great West Casualty Company and Third-Party Defendant February Fourteen, Inc.'s Motion for Summary Judgment. Upon review of the complete briefing of the Motion, the Court determines that oral argument is unnecessary. *See* W.D. Mich. L. Civ. R. 7.2(d).

    Plaintiff's Complaint against Defendant seeks reimbursement of insurance monies paid to its insured, February Fourteen, Inc. (hereafter "FFI") on the theories of negligence/breach of contract (Count One) and violation of the Carmack Amendment (Count Two), 49 U.S.C. § 14706. The Count

One claim relates to the value of the loss of a trailer which was destroyed in a road-side fire.[1] (Mot. 9; Compl. 6.) The Count Two claim is for the loss of cargo in the trailer at the time of the fire, the recoverable loss being $48,752.63. (Mot. 12; Compl. 7 & Ex. C.) The total loss sought is $74,392.62. (Mot. 14.) Defendant and Third Party-Plaintiff Carey Transportation, Inc. ("Carey"), by its Third-Party Complaint, seeks indemnity from FFI for the losses claimed by Plaintiff based upon a theory of express or implied contract (Count I), equitable subrogation (Count II), and unjust enrichment (Count III). (Third-Party Compl. 3-5.)

The parties' briefing accounted for different possible causal explanations of the fire. Plaintiff has attributed the fire to Defendant's driver, Derek Fowler, who continued to drive the tractor-trailer after noticing it was defective. (*See* Reply 4; Fowler Dep. 71-75; 84-85.) Defendant, however, has attributed the fire to improper maintenance performed by FFI (*see* Diane Carey Aff. ¶¶ 4-5) and also to Steve Carey of FFI who supposedly directed Fowler to drive after the defect was discovered. (*See* Fowler Dep. 72). This disagreement is sharpened by the fact that the parties have not had a complete opportunity to examine the tractor-trailer to determine the source of the fire because someone (unknown to the affiants and without apparent authorization) salvaged the tractor that caused the fire. (D. Carey Decl. ¶¶ 8-10.)

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions which are to be

---

[1] The tractor was also destroyed, but reimbursement for that loss is not sought in this suit.

avoided under Rule 56.  *See Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).  The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review of the instant record, the Court determines that there are genuine issues of material fact precluding summary judgment, including, but not limited to, the following: the cause of the tractor fire; whether Fowler was negligent in driving the vehicle and/or failing to seek prompt maintenance for it; whether FFI/Steve Carey was negligent in the driving instructions given to Fowler; whether FFI was negligent in the repair of the tractor; and who was responsible for the disappearance of the tractor.[2]  Given these questions, summary judgment must be denied.

In so doing, the Court strongly encourages the parties to seek resolution of this suit through some voluntarily means of dispute resolution.[3]  The conduct of this suit provides the Court with a firm impression that the parties have already expended more resources in this litigation than is desirable for a suit of this kind.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff and Third-Party Defendant's Motion for Summary Judgment (Dkt. No. 81) is **DENIED**.

DATED in Kalamazoo, MI:  
August 20, 2007

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The last question is significant because if Defendant or an agent was responsible for the disappearance, the disappearance may give rise to an adverse inference due to spoliation of evidence. *See Goldman v. Healthcare Mgmt. Sys., Inc.*, 2006 WL 3589065, at *1-*2 (W.D.Mich. Dec. 8, 2006) (citing cases).

[3] The Court understands that case evaluation is pending.